UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIN NUNEZ, | : | |
| | : | Case No. 19-cv-02780-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| KIM FLOWERS, ET AL., | : | |
| | : | |
| *Defendants* | : | |

MEMORANDUM

YOUNGE, J.                                                                                                          OCTOBER 17, 2019

Before the Court is Plaintiff's Motion for Leave to Serve Process ("Motion," ECF No. 7). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Plaintiff's Motion will be denied without prejudice.

**I.     BACKGROUND**

This is a personal injury action arising from a June 18, 2018 motor vehicle accident. (Compl. ¶ 6, ECF No. 1.) Plaintiff Gin Nunez initiated suit in this Court on June 25, 2019 against Defendants Kim Flowers and Voyager Indemnity Insurance Company. (*Id*. ¶¶ 2-3.) Plaintiff asserts two claims for relief: (1) Negligence—asserted against Defendant Flowers; and (2) Uninsured Motorist Coverage—asserted against Defendant Voyager Indemnity Insurance Company. (*Id*. at 8, 11.)

Since filing the instant action, Plaintiff has made one attempt to serve Defendant Flowers. (Motion at 2, 35.) Based upon the process server's return receipt, it appears that the process server attempted service on Thursday August 22, 2019 at 11:45 a.m. (*Id*. at 35.) The process server noted: "Knocked on the door—no answer. Could see through the window the home was

1

completely empty." (*Id*.) Plaintiff successfully effected service of process on Defendant Voyager Indemnity Insurance Company on July 8, 2019. (*See* ECF No. 2.)

Now before the court is Plaintiff's request for alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430. The alternate service he seeks, in lieu of personal service, is leave to serve the Complaint and Summons by first class mail and certified mail, and by posting the Complaint on the outside entrance door of Defendant Flowers' property. (*Id*. at 4.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), service may be effected pursuant to the law of the state in which the district court sits, or in which service is effected. As the case is before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply. Rule 430 of the Pennsylvania Rules of Civil Procedure provides that if service cannot be made to defendant's residence or place of business as provided by the rules, plaintiff may move the court for a special order directing the method of service. Rule 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

However, "[a]lternative service is only appropriate when service 'cannot be made' under the applicable rule of civil procedure." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (quoting *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004)). In other words, alternate methods of service are an "option of last resort." *Grove*, 222 F.R.D. at 256. Accordingly, in Pennsylvania, plaintiffs must meet the following three conditions for alternate service.

2

First, plaintiff must make a "good faith" effort to locate defendant. *Id*. Such "good faith" efforts might include: inquiries of postal authorities, inquiries of relatives, friends, neighbors, employees/employers, and examinations of motor vehicle records and local tax records. *Id*. at 256-57. Second, once defendant is located, plaintiff must show that he has made practical efforts to serve defendant under the circumstances. *Calabro*, 464 F. Supp. 2d at 472. Depending on the defendant's situation, circumstances may warrant visiting the defendant's location on different days of the week or at different times of the day. Third, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate methods of service must be reasonably calculated to provide the defendant with notice of the proceedings against him. *Id*.

### III. DISCUSSION

The first step is not at issue in this case, as Plaintiff's efforts to locate Defendant Flowers satisfy the requirement of "good faith" under Rule 430(a). Plaintiff has pursued several of the suggested methods in order to locate Defendant Flowers' whereabouts, including searching motor vehicle registration records and conducting internet searches on Accurint.com and Whitepages.com. (Motion at 38-39, 44, 46-47.)

At issue here is the second step—the adequacy of Plaintiff's efforts to serve Defendant Flowers. Plaintiff argues that "[d]espite attempts to serve [D]efendant Flowers at his/her confirmed residence, it is apparent that the Defendant is actively avoiding service. Any future attempts of service, via the same method, would thus be futile." (*Id*. at 8.) The Court disagrees. First, Plaintiff has only made a single attempt at personal service, and this attempt was mid-morning on a weekday. (*See id.* at 2, 35); *see also Calabro*, 464 F. Supp. 2d at 473 (finding three attempts between the hours of 10:00 a.m. and 11:30 a.m. insufficient). Second, a single return of "knocked . . . no answer" by the process server is insufficient evidence that Defendant concealed

her whereabouts. *See Cobb v. Gray*, 409 A.2d 882, 883 (Pa. Super. 1979) ("A single return of not found by the sheriff is insufficient evidence that defendant concealed his whereabouts.") (internal citation omitted). Therefore, in this Court's view, Plaintiff has failed to meet his burden of showing that he has undertaken sufficient practical efforts to serve Defendant Flowers under the circumstances.

The third step—whether the alternate means of service is reasonably calculated to provide the defendant with notice of the proceedings against them—is not reached as Plaintiff has not shown that he has adequately attempted to effect personal service upon Defendant Flowers. Therefore, the Court declines to address at this time whether Plaintiff's proposed alternate means of service is sufficient.

## IV. CONCLUSION

For the reasons set forth above, the Motion will be denied without prejudice. An appropriate Order follows.

**BY THE COURT:**

/s/ Judge John Milton Younge

Judge John Milton Younge