IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIN NUNEZ, | : |
| | : Case No. 19-cv-02780-JMY |
| *Plaintiff* | : |
| | : |
| v. | : |
| | : |
| KIM FLOWERS, ET AL., | : |
| | : |
| *Defendants* | : |

MEMORANDUM

YOUNGE, J.                                                                    MARCH 10, 2020

Before the Court is Plaintiff's Motion for Leave to Serve Process ("Mot.," ECF No. 13). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Plaintiff's Motion will be granted.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is a personal injury action arising from a June 18, 2018, motor vehicle accident. ("Compl.," ECF No. 1 ¶ 6.) Plaintiff Gin Nunez initiated suit in this Court on June 25, 2019, against Defendants Kim Flowers and Voyager Indemnity Insurance Company. (*Id*. ¶¶ 2-3.) Plaintiff asserts two claims for relief: (1) Negligence—asserted against Defendant Flowers; and (2) Uninsured Motorist Coverage—asserted against Defendant Voyager Indemnity Insurance Company. (*Id*. ¶¶ 13-29.)

Since filing the instant action, Plaintiff has made several attempts to serve Defendant Flowers at two separate locations: (1) 182 Denver Avenue, Mantua, New Jersey 08051; and (2) 95 Annapolis Road, Pennsville, New Jersey 08070. (Mot. at 2-5, 65, 82-83, 91.) Based upon the process server's return receipts, it appears that the process server attempted service on six separate

1

dates between the two locations: August 22, 2019, September 17, 2019, September 20, 2019, September 22, 2019, February 23, 2020, and March 1, 2020. (*Id.*)

Now before the Court is Plaintiff's third request for alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430. The Court denied Plaintiff's two previous requests, finding Plaintiff's efforts to locate and serve Defendant Flowers insufficient. (*See* ECF Nos. 9, 12.) The alternative service Plaintiff now seeks, in lieu of personal service, is leave to serve the Complaint and Summons by first class mail and certified mail, and by posting the Complaint on the outside entrance door of both properties. (*See* Mot. at 1.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), service may be effected pursuant to the law of the state in which the district court sits, or in which service is effected. As the case is before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply. Rule 430 of the Pennsylvania Rules of Civil Procedure provides that if service cannot be made to defendant's residence or place of business as provided by the rules, plaintiff may move the court for a special order directing the method of service. Rule 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

However, "[a]lternative service is only appropriate when service 'cannot be made' under the applicable rule of civil procedure." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (quoting *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004)). In other words, alternate

methods of service are an "option of last resort." *Grove*, 222 F.R.D. at 256. Accordingly, in Pennsylvania, plaintiffs must meet the following three conditions for alternate service.

First, plaintiff must make a "good faith" effort to locate defendant. *Id*. Such "good faith" efforts might include: inquiries of postal authorities, inquiries of relatives, friends, neighbors, employees/employers, and examinations of motor vehicle records and local tax records. *Id*. at 256-57. Second, once defendant is located, plaintiff must show that he has made practical efforts to serve defendant under the circumstances. *Calabro*, 464 F. Supp. 2d at 472. Depending on the defendant's situation, circumstances may warrant visiting the defendant's location on different days of the week or at different times of the day. Third, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate methods of service must be reasonably calculated to provide the defendant with notice of the proceedings against him. *Id*.

### III. DISCUSSION

As to the first step, the Court finds that Plaintiff's efforts to locate Defendant Flowers satisfy the requirement of "good faith" under Rule 430(a). Plaintiff has pursued several of the suggested methods in order to locate Defendant Flowers' whereabouts, including searching motor vehicle registration and insurance records, sending a Freedom of Information Act ("FOIA") request to the United States Postmaster in New Jersey, conducting internet searches on Accurint.com/Whitepages.com/LexisNexis, and hiring a private investigator to determine Defendant Flowers' whereabouts. (Mot. at 3, 68-72, 74-75, 77, 79-80, 87-89.)[1]

As to the second step, Plaintiff has met his burden of showing that he has undertaken sufficient practical efforts to serve Defendant Flowers under the circumstances. Specifically, Plaintiff attempted to effect service on six separate dates at various times of day. (See Mot. at 65,

---

[1] The FOIA request and private investigation results reveal that Defendant Flowers' last known address is likely the location in Pennsville, New Jersey. (*See* Mot. at 79-80, 87-89.)

3

82-83, 91.) "Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service[.]" *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (citing *Calabro*, 464 F. Supp. 2d at 473). Thus, the Court is now convinced that Plaintiff has made sufficiently reasonable efforts to serve Defendant Flowers.

As to the third step, the Court finds Plaintiff's proposed alternate means of service reasonably calculated to provide Defendant Flowers with notice of the proceedings against her. *See Olympic Steel, Inc. v. Pan Metal and Processing, LLC*, No. 11-6938, 2012 WL 682381, at *4 (E.D. Pa. Mar. 2, 2012) (noting that posting and mailing the complaint to the last known address would place defendant on notice of the proceedings against him); *see also Premium Payment Plan v. Shannon Cab. Co.*, No. 04-4669, 2007 WL 2319776, at *3 (E.D. Pa. Aug. 13, 2007) (permitting service by publication and certified mail where postal records indicated that corporate officer was located at the address where service was attempted).

In summary, the Court finds that Plaintiff has made sufficient efforts to locate and personally serve Defendant Flowers. Considering these efforts, the Court further finds that the proposed methods of alternate service, by (1) First-Class Mail and Certified Mail, return receipt requested; and (2) posting the Complaint on the outside entrance doors of the Mantua and Pennsville addresses, is reasonably calculated to provide Defendant Flowers with notice of the proceedings against her.

## IV. CONCLUSION

For the reasons set forth above, the Motion will be granted. An appropriate Order follows.

BY THE COURT:

/s/ John Milton Younge

**Judge John Milton Younge**